UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SONYA JACKSON | CIVIL ACTION |
| VERSUS | NO. 22-5015 |
| ALLSTATE INSURANCE COMPANY | SECTION "R" (5) |

## ORDER AND REASONS

Before the Court is defendant's *ex parte* motion for involuntary dismissal under Federal Rule of Civil Procedure 41(b).[1] For the following reasons, the Court denies the motion.

### I. BACKGROUND

The law firm McClenny, Moseley & Associates ("MMA") filed this action on behalf of plaintiff on December 6, 2022.[2] The case, along with all other cases filed by MMA pending in this District, was subsequently stayed due to fraudulent conduct by the firm.[3] Plaintiff's counsel withdrew, leaving her unrepresented.[4] On June 30, 2023, Chief Magistrate Judge Michael

---

1   R. Doc. 17.
2   R. Doc. 1.
3   R. Docs. 5, 6, & 8.
4   R. Docs. 9-12.

North sent a letter to plaintiff notifying her of the action and informing her that, to proceed with the lawsuit, she could take one of three actions:[5] (1) retain a new lawyer, (2) represent herself, or (3) dismiss the lawsuit and waive her rights regarding the insurance claim at issue therein.[6] The letter also ordered plaintiff to notify the Court of her decision within sixty days and noted that her failure to respond may result in dismissal of her case.[7]

Defendant now moves for involuntary dismissal under Federal Rule of Civil Procedure 41(b) as it has been more than sixty days since the letter was transmitted to plaintiff, and plaintiff has not responded.[8]

The Court considers the motion below.

## II.   DISCUSSION

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal with

---

[5]   R. Doc. 13.
[6]   *Id.*
[7]   *Id.*
[8]   R. Doc. 17. Defendant also notes that it sent a separate letter to plaintiff on July 10, 2023, requesting that plaintiff identify her new counsel, if any, and instructing her to sign and return the attached motion to dismiss if she wished to dismiss her suit. *Id.* at 2. Plaintiff has not responded to this letter. *Id.*

prejudice for failure to comply with a court order should be a last resort, and "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate." *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008). Dismissal with prejudice under Rule 41(b) is appropriate only "where there is a 'clear record of delay or contumacious conduct by the plaintiff . . . and when lesser sanctions would not serve the best interests of justice.'" *Id.* (quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985)). Typically, one of three aggravating factors must be present: "(1) delay caused by the plaintiff [herself] and not [her] attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Campbell v. Wilkinson*, 988 F.3d 798, 802 (5th Cir. 2021) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).

Here, defendant points to plaintiff's failure to respond to Chief Magistrate Judge North's letter. To date, about three months have passed since plaintiff's deadline to respond.[9] This does not amount to a "clear record of delay or contumacious conduct." At this stage, there is no evidence that plaintiff's delay has caused actual prejudice to defendant, or that plaintiff has

---

[9] Chief Magistrate Judge North issued the letter on June 30, 2023, which specified that plaintiff must respond within sixty days, or by August 29, 2023. R. Doc. 15.

intentionally delayed. Accordingly, the Court does not find that involuntary dismissal with prejudice is appropriate at this time.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion for involuntary dismissal WITHOUT PREJUDICE.

New Orleans, Louisiana, this __7th__ day of December, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE